1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 416
   San Jose, California 95113-2404
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JO ANNE GRAFF
6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10  JO ANNE GRAFF,                    Case No.  C 07  03186 RMW

11                    Plaintiff,

12  v.                               **COMPLAINT**

13  WELTMAN, WEINBERG & REIS CO.,    **DEMAND FOR JURY TRIAL**
    L.P.A., an Ohio corporation,
14                                    15 United States Code § 1692 *et seq.*
                                      California Civil Code § 1788 *et seq.*
15                    Defendant.

16

17        Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief

18  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

19  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

20                          **I.  INTRODUCTION**

21        1.     This is an action for statutory damages, attorney fees and costs brought by an

22  individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

23  § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

24  California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

25  engaging in abusive, deceptive and unfair practices.

26                          **II.  JURISDICTION**

27        2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

28  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

-1-
COMPLAINT

1    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2    3.    This action arises out of Defendant's violations of the Fair Debt Collection

3    Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

4    **III.  VENUE**

5    4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

6    that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

7    district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

8    Defendant transacts business in this judicial district and the violations of the FDCPA complained

9    of occurred in this judicial district.

10    **IV.  INTRADISTRICT ASSIGNMENT**

11    5.    This lawsuit should be assigned to the San Jose Division of this Court because

12    a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

13    County.

14    **V.  PARTIES**

15    6.    Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person

16    residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15

17    U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18    7.    Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. (hereinafter

19    "WWR"), is an Ohio corporation engaged in the business of collecting debts in this state with its

20    principal place of business located at:  323 West Lakeside Avenue, Suite 200, Cleveland, Ohio

21    44113-1099.  WWR may be served as follows:  Weltman, Weinberg & Reis Co., L.P.A., c/o Alan

22    Weinberg, Agent for Service, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113-1099.

23    The principal business of WWR is the collection of debts using the mails and telephone, and WWR

24    regularly attempts to collect debts alleged to be due another.  WWR is a "debt collector" within the

25    meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

26    **VI.  FACTUAL ALLEGATIONS**

27    8.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

28    a financial obligation (hereinafter "the alleged debt").  The alleged debt was incurred primarily for

personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.    Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.    A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

12.    The collection letter (Exhibit "1") is dated March 2, 2007.

13.    The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

14.    On or about March 8, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> . . . 1887, Monday through Thursday, 8 a.m. to 9 p.m., Friday, 8 a.m. to 5 p.m., or Saturday, 8 a.m. to 12 noon, Eastern Standard Time.  Again, the number is 1-800-392-1887.  Thank you.

15.    On or about March 14, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Monday through Thursday, 8 a.m. to 9 p.m., Friday, 8 a.m. to 5 p.m., or Saturday, 8 a.m. to 12 noon, Eastern Standard Time.  Again, the number is 1-800-392-1887. Thank you.

16.    On or about March 15, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> . . . 887, Monday through Thursday, 8 a.m. to 9 p.m., Friday, 8 a.m. to 5 p.m., or Saturday, 8 a.m. to 12 noon, Eastern Standard Time.  Again, the number is 1-800-392-1887.  Thank you.

17.    Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18.    Defendant failed to disclose Defendant's identity and the nature of Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.

1    Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

2        19.    Defendant failed to disclose that each of the answering machine messages was

3    a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11).  See *Hosseinzadeh*

4    *v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005);  *Foti v. NCO Financial*

5    *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

6                            **VII.  CLAIMS**

7                    **FAIR DEBT COLLECTION PRACTICES ACT**

8        20.    Plaintiff brings the first claim for relief against Defendant under the Federal

9    Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

10        21.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

11    through 19 above.

12        22.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

13    1692a(3).

14        23.    Defendant, WWR, is a "debt collector" as that term is defined by the FDCPA,

15    15 U.S.C. § 1692a(6).

16        24.    The financial obligation allegedly owed by Plaintiff is a "debt" as that term

17    is defined by the FDCPA, 15 U.S.C. § 1692a(5).

18        25.    Defendant's answering machine messages described above violate the

19    FDCPA.  The violations include, but are not limited to, the following:

20            a.    Defendant failed to disclose Defendant's identity and the nature of

21                Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

22            b.    Defendant failed to disclose that the communications were from a

23                debt collector, in violation of 15 U.S.C. § 1692e(11).

24        26.    Defendant's acts as described above were done intentionally with the purpose

25    of coercing Plaintiff to pay the alleged debt.

26        27.    As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled

27    to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. §

28    1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

28.   Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

29.   Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27 above.

30.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

31.   Defendant, WWR, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

32.   The financial obligation allegedly owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

33.   Defendant's answering machine messages described above violate the RFDCPA.  The violations include, but are not limited to, the following:

   a.   Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

   b.   Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

34.   Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

35.   As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

36.   As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil

1    Code § 1788.17.

2        37.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

3    an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

4    15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

5        38.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

6    RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

7    that the Plaintiff may have under any other provision of law.

8                    **VIII.  REQUEST FOR RELIEF**

9    The Plaintiff requests that this Court:

10    a.    Assume jurisdiction in this proceeding;

11    b.    Declare that Defendant's answering machine messages violated the Fair Debt

12        Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

13    c.    Declare that Defendant's answering machine messages violated the Rosenthal Fair

14        Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

15    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

16        15 U.S.C. § 1692k(a)(2)(A);

17    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

18        $1,000 pursuant to Cal. Civil Code § 1788.30(b);

19    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

20        15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

21    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

22        U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

23    h.    Award Plaintiff such other and further relief as may be just and proper.

24    / / /

25    / / /

26    / / /

27    / / /

28

1                                           CONSUMER LAW CENTER, INC.

2

3                                      By: /s/ Fred W. Schwinn
                                           Fred W. Schwinn, Esq.

4                                            Attorney for Plaintiff
                                           JO ANNE GRAFF

5

6                **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

7          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

8 named parties, there is no such interest to report.

9                                    /s/ Fred W. Schwinn
                                   Fred W. Schwinn, Esq.

10

11                            **DEMAND FOR JURY TRIAL**

12          PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury

13 of all triable issues of fact in the above-captioned case.

14

15                                    /s/ Fred W. Schwinn
                                 Fred W. Schwinn, Esq.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT